## Greenwood Estate

*Linda Chambers,* for petitioner.
*James Hook,* for respondent.

GRIMES, *P.J.*, March 23, 1990 — Lisa Joanne Sowden was born on December 19, 1971, with her birth certificate listing Gary P. Greenwood as her natural father. Mr. Greenwood died intestate on August 22, 1989. Lisa Sowden now sues for a share of the Greenwood estate.

In order to establish paternity, Miss Sowden petitions for blood samples held by the Allegheny County coroner be made available for genetic testing. Lois A. Greenwood, decedent's wife and personal representative of the estate, argues that petitioner is time-barred for any such testing.

Petitioner bases her request on 42 Pa.C.S. §§6131-5136, which subchapter has the title of "Uniform Act on Blood Tests to Determine Paternity." Section 6133 states in part:

"In any matter subject to this subchapter in which paternity, parentage or identity of a child is a relevant fact, the court upon its own initiative or upon suggestion made by or on behalf of any person whose blood is involved may, or upon motion of any party to the action made at a time so as not to delay the proceedings unduly, shall order the mother, child and alleged father to submit to blood tests."

The estate, through its personal representatives, argues that 23 Pa.C.S. §4343(b) applies. This section establishes an 18-year statute of limitations for support actions, and reads:

"(a) *Determination* — Where the paternity of a child born out of wedlock is disputed, the determination of paternity shall be made by the court in a civil action without a jury unless either party demands trial by jury. The burden of proof shall be by a preponderance of the evidence.

"(b) *Limitation of actions* — An action or proceeding under this chapter to establish the paternity of a child born out of wedlock must be commenced within 18 years of the date of birth of the child."

Subsection (b), the part upon which the estate relies, was promulgated to replace a six-year statute of limitations found in 42 Pa.C.S. §6704(b) (1982). This six-year statute was declared unconstitutional in *Clark v. Jeter,* 486 U.S. _, 108 S.Ct. 1910, 100 L.Ed. 2d 465 (1988).

It is clear that 23 Pa.C.S. §4343, from its placement in a subchapter titled "Support," and in a chapter titled "Support Matters Generally," is intended to protect a putative father from a suit for support past a certain time, and not as a defense to claims arising in probate matters.

The statute at 20 Pa.C.S. §3538 specifically states that children born out of wedlock are subject to the same time limitations as children born in wedlock. In fact, the U.S. Supreme Court stated in *Clark, supra:*

"[In cases other than support] Pennsylvania places no limits on when the issue of paternity is litigated. For example, the intestacy statute, 20 Pa.C.S. §2107(3) (1982), permits a child born out of wedlock to establish paternity as long as 'there is clear and convincing evidence that the man was the father of the child.' " *Clark, supra.*

It is clear that the statute establishing the 18-year statute of limitation does not apply to a probate issue. Petitioner has the right by statute, at 20 Pa.C.S. §2107(3), to attempt to prove paternity by clear and convincing evidence.

## ORDER

And now, March 23, 1990, it is ordered that the coroner of Allegheny County shall make available to Rita Barchiesi of Greene County Domestic Relations, samples of the blood of Gary P. Greenwood presently in the custody of the said coroner, for comparison testing.